<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CAGNEY MOOG, | : | Civil No. 08-3907 (FSH) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| ROBERT E. UNTIG, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    CAGNEY MOOG, #6705, <u>Pro Se</u>
    Sussex Correctional Facility
    41 High Street
    Newton, New Jersey 07860

<u>**HOCHBERG, District Judge**</u>

    Plaintiff Cagney Moog, who is confined at Sussex Correctional Facility, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by Sussex County Sheriffs Robert E. Untig, John G. Armeno, Virgil R. Rome, Jr., and David DiMarco in regard to the conditions of his confinement at the Sussex Correctional Facility.  He alleges the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff asserts that he has been confined at the jail since June 21, 2008.  He alleges that the inmates on his unit have access to two showers.  However, Plaintiff complains that stagnant water covers the floor of each shower because water does not drain from the shower.  Plaintiff asserts that the water exudes a horrible odor and contains bacteria and other microorganisms.  He alleges that as a result of the stagnant water, he (and several other inmates) developed a rash.  In addition, Plaintiff maintains that the drinking water that is available to him smells and tastes like sewerage.  Plaintiff states that inmates have contracted the staph infection MRSA, but they are not segregated from uninfected inmates.  Plaintiff contends that defendants need to scrutinize the conditions at the jail.  As relief, he asks this Court to send an investigator to the jail.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
> The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197,

3

2200 (2007).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's legal conclusions.  See Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A. Unconstitutional Punishment

Since Plaintiff does not indicate that he is a sentenced prisoner and this Court is required to liberally construe Plaintiff's allegations in his favor, this Court will presume for the purposes of this screening that Plaintiff has been confined in the jail since June 21, 2008, as a pretrial detainee or other non-sentenced inmate. While "the due process rights of a [pretrial detainee] are at *least* as great as the Eighth Amendment protections available to a convicted prisoner, Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citation omitted), the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979), i.e., whether the conditions of confinement amounted to punishment prior to an adjudication of guilt.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. See Bell v. Wolfish, 441 U.S. at 535; Hubbard, 399 F.3d at 166.[1]  As the Supreme Court explained,

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell v. Wolfish, 441 U.S. at 539 (footnote and citation omitted).

The Supreme Court noted that the maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of . . . retained constitutional rights." Id. at 546. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Bell, 441 U.S. at 540. "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

The Court of Appeals for the Third Circuit summarized the holding of Bell as follows:

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

Stevenson v. Carroll, 495 F. 3d 62, 68 (3d Cir. 2007) (citation and internal quotation marks omitted).

The Court of Appeals further explained that the Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains an objective component, as well as a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . . The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson, 495 F. 3d at 68.

In this case, Plaintiff complains that the showers at the jail are unsanitary and that he has developed a rash as a result of having contact with water stagnating on the shower floor.  In addition, he states that the drinking water in his cell tastes and smells like sewerage.  While Plaintiff's allegations may be sufficiently serious to satisfy the objective component of the unconstitutional punishment standard, they do not satisfy the subjective component, as nothing alleged by Plaintiff indicates that the named defendants were even aware of the conditions described in the Complaint.  For example, in response to the question on the form complaint which asks Plaintiff whether he has sought relief regarding the facts alleged in the statement of claim, Plaintiff answered "no," and he thereafter explained that defendants have serious jobs and they are responsible for properly running the facility. (Compl. ¶ 5.)   However, because

7

Plaintiff's allegations do not indicate that the named defendants were aware of the alleged conditions and failed to reasonably respond, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to the filing of an amended complaint within 30 days if Plaintiff believes that he can allege additional facts showing that the defendants were aware of the alleged conditions and failed to adequately respond.[2]

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.


s/ Faith S. Hochberg
**FAITH S. HOCHBERG**, U.S.D.J.


Dated:  September 3, 2008

---

[2] If Plaintiff files an amended complaint, he should be aware that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).